[Civ. No. 533. First Appellate District.—November 23, 1908.]

A. M. HENDRY, Respondent, v. LOUIS A. IRVINE, Administrator, etc., Substituted in Place of WILLIAM IRVINE, Deceased, Appellant.

ACTION FOR PRICE OF ENGINE—DEFENSE AND COUNTERCLAIM—SUPPORT OF FINDINGS—FULFILLMENT OF CONTRACT.—In an action upon a contract made by a machine company to construct and set up a gasoline engine for the defendant, to recover the balance of the purchase price thereof, in which defendant set up the faulty construction of the engine, and counterclaimed damages for alleged expenses incurred and paid on account of defects in its construction, and for delay in its delivery,—*held,* that though the evidence was conflicting, there was sufficient evidence for plaintiff to support the findings that the engine was constructed according to contract, and was capable of doing exactly the work called for by it, that the contract was fulfilled and its conditions performed by the machine company, and that no damage resulted to the defendant from any delay in the delivery and setting up of the engine.

ID.—DELAY AND DAMAGE CAUSED BY FAULTY PUMP ORDERED BY DEFENDANT OF A SPECIFIC MODEL—CONSTRUCTION OF ENGINE NOT RESPONSIBLE.—Where the alleged delay and damages were caused wholly by the construction of a faulty pump intended to be used for irrigation of defendant's land, in connection with the engine, which pump was ordered to be constructed on a special model furnished by the defendant, and for the success of which the machine company was not responsible, and no damages were claimed for

delay in its construction, the defendant, and not the plaintiff, is responsible for any resulting damage caused by such delay, and by the incapability of the pump, when installed, of doing the work for which it was designed.

ID.—EVIDENCE—EXPENSES INCURRED UPON ENGINE.—The court did not err in excluding evidence offered by the defendant to show expenses incurred by him, in efforts to operate the engine on crude oil, and in attempting to make it more efficient. Such expense would not be a charge upon the machine company which had complied with its contract in furnishing the gasoline engine as ordered.

ID.—DEATH OF APPELLANT—SUBSTITUTION OF ADMINISTRATOR—AFFIRMANCE—CLAIM AGAINST ESTATE—RESPONSIBILITY OF SURETIES—JUDGMENT NOT MODIFIED.—When the defendant died pending his appeal, and his administrator was substituted, though the effect of affirmance would be to make any residue of respondent's claim payable out of the estate, yet as the judgment upon affirmance becomes final as of the date of the entry, and the sureties on the appeal bond are responsible to the respondent, it would be improper to modify the judgment so as to make the whole of respondent's claim payable out of the estate.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

George W. Towle, for Appellant.

Mullany, Grant & Cushing, and Cushing, Grant & Cushing, for Respondent.

KERRIGAN, J.—On April 23, 1900, Charles Rapp and others, doing business under the firm name and style of Union Machine Company, entered into a contract with William Irvine, whereby they agreed to construct for him a double cylinder gasoline engine, and two metal tanks, to be completed and delivered at San Francisco on or before June 4, 1900. According to the terms of the contract Irvine paid $1,000 on account of the purchase price of the engine when the contract was entered into, and the balance of $550 was to be paid when the engine was set up on Irvine's premises and had been in successful uninterrupted operation for the period of thirty consecutive days thereafter, or for so much of the thirty days as Irvine should desire to operate it. The

engine was delivered and set up; Irvine refused to pay the balance of the purchase price, and the claim of the Union Machine Company therefor was subsequently assigned to A. M. Hendry, who commenced this suit for its recovery. A second cause of action is set up in the complaint for goods sold and delivered and services rendered, amounting to the sum of $258.45. Defendant Irvine in his answer denied that such an engine as had been contracted for was ever furnished; and alleged that the engine delivered could not be made to run continuously or uninterruptedly for thirty days, or for any substantial length of time; that the engine and tanks were not delivered within the stipulated time, and that the pump connections referred to in the second cause of action were not furnished for him, nor on his order, but had been furnished to and for the order of a third party. As a counterclaim Irvine alleged damages for expenses incurred on account of alleged defects in the construction of the engine, and he also alleged that by reason of the delay in the delivery of the engine he was unable to irrigate his alfalfa crops, which died for want of water.

The action was tried without a jury, and judgment went in favor of plaintiff. The defendant made a motion for a new trial, which was denied. Thereafter William Irvine died, and Louis A. Irvine, the administrator of his estate, was substituted as defendant herein. An appeal was taken by William Irvine from the judgment, and by Louis A. Irvine, his administrator, from the order denying the motion for a new trial.

We do not feel required to restate the evidence, or even to summarize the many pages of testimony appearing in the transcript. We shall content ourselves with saying that while the evidence is conflicting, it is sufficient to support the findings of the trial court. There is ample evidence in the record to show that the engine was capable of doing exactly the character of work, and was of the design and horse-power, called for by the contract, and we therefore conclude that there is no merit in the contention of the appellant that the Union Machine Company failed to fulfill its contract as to the engine.

There is also evidence to support the finding of the court of due performance by the Union Machine Company of the conditions of its contract. Appellant contends that, as the

engine was not delivered until thirty days after the time
specified in the contract, this finding is error. The delay in
the delivery of the engine (it having been accepted by
Irvine) did not make the finding erroneous, unless Irvine
was damaged by the delay. Here a slight digression is neces-
sary. William Irvine desired to purchase a pump which had
been invented by one Morton, who agreed with Irvine that
the latter could arrange with some machinist to construct it
for him without paying Morton any royalty therefor. An
oral agreement was made by Irvine and the Union Machine
Company, by the terms of which the machine company was
to build the pump according to the Morton design. The ap-
pellant did not plead damages caused by any delay in furnish-
ing the pump; the only damage pleaded is on account of the
alleged defects in the engine. As the engine was useless for
irrigating purposes without the pump, and as the engine (as
shown by the evidence) was delivered before the pump, the
delay in furnishing the engine was immaterial, and that de-
lay did not cause the loss complained of. But, in any event,
as the pump—which was built according to a model furnished
by appellant, and for the success of which the machine com-
pany was not responsible—was, when installed, incapable of
doing the work for which it was designed, it was the pump,
and not the alleged delay in furnishing the engine, which
caused the alleged damage.

Appellant insists that the court erred in refusing to allow
him to show the expenses to which he was put in his efforts
to operate the engine on crude oil; also the expenses incurred
by him in making the engine efficient, etc. The court having
found, upon sufficient evidence, that the engine conformed
to the contract, any expenses incurred, or damages suffered
by appellant, concerning the engine, would not be a charge
against the respondent. The court committed no error in
excluding the offered testimony.

It is needless to pursue the discussion further. All the
matters urged by appellant for a reversal of the judgment
and order depend upon the proposition advanced by him
that the evidence is insufficient to support the findings; but
a careful examination of the record shows, as we have already
said, that the findings are amply supported by the evidence.

This brings us to the last point in the case. The judgment
was against William Irvine in his lifetime. Since then, and

since the entry of the order denying him a new trial, he died, and his administrator has been substituted in his place. Appellant suggests that if the judgment be affirmed, it should be changed so as to direct that it be paid "in due course of administration." The judgment when affirmed will be paid, as far as the estate is concerned, in due course of administration, but as the judgment when affirmed will become final as of the date of entry, and as the suggested change if made might embarrass the respondent in proceeding against the sureties on the appeal bond, it would be improper for this court to make the modification suggested.

The judgment and order are affirmed.

Cooper, P. J., and Hall, J., concurred.